IN THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2004 DEC 28 A 9:47
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

KENNETH BRYANT,
    Petitioner,

vs.

No. 99-140-N
2:05cv413-D

UNITED STATES OF AMERICA,
    Respondent.
_____/

### MOTION PURSUANT TO 3582(c) OR IN THE ALTERNATIVE MOTION PURSUANT TO RULE 60(B)

TO THE HONORABLE COURT:

    As a matter of introduction, the Petitioner submits that the events which transpired in the instant matter constitute a Denial of Petitioner's Fourth Amendment Right of Illegal Search and seizure, and his Sixth Amendment Right to trial by jury, and Fifth Amendment Right have been violated. Petitioner plead guilty to and was sentence based upon a crime he was actually innocent of. As a result, his right to Due Process was violated, because his counsel failed to move to suppress evidence obtained in encounter that was in violation of Fourth Amendment a direct product of police misconduct where evidence derived from non-consensual illegal conduct, he was deprived of his right to effective assistance of counsel. In support of this motion, the Petitioner respectfully submits the following:

#### STATEMENT OF ISSUES UNDER CONSIDERATION

    1. Whether the non-consensual search of a closed back pack and the was tainted by the illegality was ineffective to justify search of closed back pack ?

    2. Whether all elements of the offense was submitted to the grand jury and proven beyond a reasonable doubt ?

54

3. Whether Petitioner's Due Process Rights was violated when he unknowingly, unintelligently, and involuntarily guilty to a crime for which he was actually innocent of committing ?

## ILLEGAL SEARCH AND SEIZURE

The Petitioner contends under the circumstances of his traffic stop, it lasted much longer than it was necessary to process the traffic violation, when police officer had no article label suspicion of other illegal activity. See United States v. Perkins, 348 F.3d 965, (11th cir. 2003). (Under exclusionary rule, evidence obtained in encounter that is in violation of Fourth Amendment, including direct product of police misconduct and evidence derived from illegal conduct, can not be used in criminal trial against victim of illegal search and seizure).

The Petitioner contends, the police officer did not request to search his car, nor did Petitioner directly of indirectly consent to search his car. Petitioner never receive a traffic ticket, nor did officer move to return his license or other documents, the circumstances were not reasonably related in of the traffic stop. To detain the Petitioner, it was unconstitutional under Terry. Where no citation was written or no articulable suspicion of other illegal activity existed to justify a search of the car.

### Facts

Petitioner contends two officer other than the officer involving the traffic stop arrived looked at Petitioner seeing that he was black, went directly to Petitioner's car and began a illegal search without consent. The officers did not do a plain-view search, but open a closed back-pack. The illegal conduct including the direct product of police misconduct and evidence derived from illegal conduct of Fruit of the Poisonous Tree. See United States v. Terzado-Madruga, 897 F.2d 1099(11 th cir. 1990); Weeks v. United States, 232 U.S. 383,391-93, 34 S.CT. 241, 58 L.Ed 652 (1914).

Petitioner initially argued that the duration of his traffic stop itself was unconstitutional and based solely on Petitioner's race and racial profiling of black motorist for drivers while being black only.

(2)

## RACIAL PROFILING

The Petitioner contends the racial profiling issue pertinent to Alabama's police officers modus operandi of racial profiling black drivers and fabricating facts to synthesis a chain of events that evade Fourth Amendment protections. Police officers use traffic stops of black drivers, alleging constitutional and statutory violation in connection with the pattern of racially discriminatory stops, detentions and searches of minority motorist traveling in Alabama. Here in the instant case concerning the alleged traffic stop, the officer neither issued a citation or provided any corroborating evidence to justify the initial stop.

There was no reasonable suspicion upon routine check, the Petitioner's drivers license was valid, however, the registration on the borrowed vehicle Petitioner was driven belong to another person. If in fact Petitioner's drivers license was not valid, the officer never called a tow truck, rather he waited 15 to 20 minutes for two other officers to come, who than without justification conducted a illegal search of the car and a closed back-pack in the back seat area. The search was without consent or probable cause,

 (1). Minority drivers may be stopped even if no traffic violation has been committed. Id. at 72 F.Supp.2d 565.
 (2). Alabama police officers here conducted a pattern and practice of stopping individual's based upon race.
 (3). Alabama officials were on notice to corrective action and
 (4). Discretion was given to officers to Detain Motorist who are black until a drug search could be done. The vehicle in absence of articulable suspicion, in violation of the Fourth Amendment.

The Constitution prohibits selective enforcement of the law based on consideration such as race, the constitutional basis for objecting to intentionally discriminatory application of law is the equal protection clause.

The Supreme Court, as well as Federal Courts across the country have begun to address the potential implications of racial profiling of any form. As racial profiling moves to the forefront of the national consciousness, communities, Police Department and the courts are all beginning to address the invidious effects of racial profiling. i.e. see United States v. State of New York, No. 99-5976

(3)

(L.E.)(N.E.). New Jersey State police resolved Justice Department charges of racial profiling by its officer).

> " A lawyer who fails adequately to investigate and introduce into evidence that his client factual innocence, or that raise sufficient doubt as that question to undermine confidence in the verdict, renders deficient performance ".

In Sanders v. Ratelle, 21 F.3d 1446 (9th cir.1994). For example, Sanders challenged his conviction for second degree murder on the grounds that his trial counsel had rendered ineffective assistance of counsel. Sanders brother told defense counsel that he, not his brother had committed the murder. see i.d. at 1456. Sanders defense counsel failed to investigate this evidence and to introduce it at trial.

Here, this court must concludes that both the failure to challenge the illegal search and seizure and to investigate racial profiling in Alabama towards blacks constituted deficient performance. The court in Sanders, first held that Sanders counsel had failed to fulfill his duty to investigate [ Sanders ] most important defense. Id. at 1457. See also Strickland, 466 U.S. at 691, 104 S.CT. 2052 (holding that counsel has a duty to make reasonable decision that makes particular investigations unnecessary); Baylor v. Estelle, 94 F.3d 1321 (9th cir. 1996); United States v. Burrcus, 872 F.2d 915,918 (holding that a failure to investigate possible evidence could not be deemed a trial tactic where the lawyer did not view relevant documents or talk to defense witness who were available). As in Sanders, as here in the instant matter, Petitioner's counsel was presented with important exculpatory evidence and like Sanders attorney, the Petitioner's counsel failed to conduct any investigation regarding the evidence of racial profiling. Here, because this potentially meritorious issue was not pursued by counsel, this factual matter went unresolved. Consequently, had counsel took the appropriate steps to request an evidentiary hearing, the outcome of the proceeding would have been different. Counsel's performance clearly fails the Strickland test for failing to bring this issue to the Court's attention.

## THE SEARCH WAS UNJUSTIFIED

Petitioner contends initially that the duration of his traffic stop itself was unconstitutional under the Terry. When the officer issued no ticket, and the officer in question was unable to articulate a reasonable suspicion of other illegal activity beyond the traffic stop. United State v. Sokolow, 490 U.S. 1,7, 109 S.CT. 1581, 104 L.ed. 2d 1 (1989). When making a determining of reasonable suspicion, we must look at the totality of the circumstances of each case to see whether the detaining officer has and objective basis for suspecting legal wrong doing. United State v. Arvizu, 534 U.S. 266, 273,122 S.CT. 744, 151 L.ed.2d 740 (2002). (quoting United States v. Cortez, 449, U.S. 411, 417-18, 101 S.CT. 690, 66 L.ed 2d 621 (1981). It is clear than an inchoate and unparticularized suspicion or hunch of criminal activity is not enough to satisfy the minimum level of objectivity required. Wardlow, 528 U.S. at 124, 120 S.CT. 673 (quoting Terry, 392 U.S. at 27,88 S.CT. 1868). Here, in the instant case their was no show or nervousness or objection to the Petitioner's drivers license to detain Petitioner beyond the issuance of the speeding ticket); United States v. Tapin, 912 F.2d 1367, 1371 (11th cir. 1990)(being black alone does not suggest the Petitioner [was] engaged in any criminal activity other than speeding on the highway). The officer in the instant case, had no consent to search the car or the closed back-pack for no probable cause existed to believe that contraband was inside the car or back-pack, and the illegal search intrude on a reasonable expectation of privacy. Because the search was a clear violation of the Fourth Amendment, and counsel was ineffective for failure to move to suppress the illegal obtained evidence, counsel error clearly prejudiced the Petitioner. Consequently, had counsel took the appropriate steps to move for a suppression the outcome of the proceeding would have been different. Strickland. Based on the foregoing, the court here must conclude that Petitioner prolonged detention beyond the issuance of the traffic citation was unconstitutional as well of the illegal search of the car and closed back-pack. See United States v. Perkin, 348 F.3d 965 (11th cir. 2003)

(5)

## BLAKELY V. WASHINGTON

Based upon the Supreme Court's recent decision in <u>Blakely v. Washington</u>, Petitioner's sixth Amendment rights to trial by jury and the Fifth Amendment right to Due process were violated. Where the Petitioner's sentence was enchanced on elements not found in the indictment, submitted to a jury, and proven beyond a reasonable doubt.

In the instant case Petitioner went to trial and was found guilty as charged under 21 U.S.C. 841(a)(1). The Petitioner contends a significant aspect of <u>Apprendi v. New Jersey</u>, any facts other than a prior conviction that increases a defendant's sentence beyond the applicable statutory maximum must be submitted to a jury and proven beyond a reasonable doubt.

With the very recent decision in <u>Blakely</u>, it has become apparent that the Supreme Court has made the holding in <u>Apprendi</u> a bright-line constitutional rule that is applicable in the present case. <u>Blakely</u>, 542 U.S. ___, slip opinion, at *12. Of course, the <u>Blakely</u> decision did not exists at the time of trial, sentencing, or direct appeal. Thus, in light of <u>United State v. Nance</u>, 236 F.3d 820,826 (7th cir. 2000), a constitutional challenge in the present case would have been futile at the time of trial, sentencing, or appeal. <u>See</u> <u>United State v. McAllister</u>, 77 F.3d 387, 389 (11th Cir.), <u>cert. denied</u>, 519 U.S. 905 (1996). Therefore, it would be "manifestly unjust" to refuse to allow Petitioner to now argue this constitutional claim because he failed to raise it earlier when doing so would have served no purpose. <u>Id</u>. at 389.

Jury trial right, Justice David H. Souter, pointed out that a significant aspect of <u>Apprendi</u> is that fact finding by a judge can make an end run around the jury trial right, Petitioner agrees, adding that an important principle of <u>Apprendi</u> if this distinction between the element of a crime and mere sentencing factors. Here, Petitioner's resulted from Judicial findings and the kind of facts that are province of the jury.

In the instant matter, the sentence in this case resulted on the Judge's finding of facts, not establishing by the grand jury or jury's verdict. Petitioner here got additional prison time on the basis of the Judge's finding by preponderance of the evidence.

(6)

The Petitioner was not found guilty of a specific aggravating circumstances which cannot and should not have constitutionally be given a sentence based on such circumstances, or does the Judge have to specially convene a Jury to find the facts necessary for the enhancement of a sentence under that scenario can only reject the Jury's Finding, since the Supreme Court's decision in Blakely, seems to invalidate the present sentencing scheme.

In Blakely v. Washington No. 02-1632, the Supreme Court has struck down the Washington State guidelines scheme on Apprendi grounds, the decision reasoning and application of the rule of apprendi/Ring, sweeps more broadly and renders constitutionally infirm each and every guideline sentencing enhancement that requires the finding of a fact not placed before the jury as an element of the offense of conviction. Corroborating this point is Justice O' Conner's dissent, the structure of the Federal guideline likewise does not, as the government half-heartly suggests, provide any grounds for distinction. Washington scheme is almost identical to the upward departure regime established by 18 U.S.C. 3553(b) and implemented in U.S.S.G. section 5K2.0. If anything, the structure differences that do exist make the Federal guidelines more vulnerable to attack.

### DRUG AMOUNT NOT SPECIFIED IN THE INDICTMENT

Not that there is the Apprendi exception for any recidivist fact i.e., a fact regarding a prior conviction but apart from that exception, whenever, a guideline scheme assigns to a judge the authority to enhance a sentence only upon finding some additional fact than according to this decision that fact is an Apprendi fact that must be submitted in the indictment and proven beyond a reasonable doubt.

As in the instant matter, the indictment does not specify drug quantity, nor was specific drug quantity submitted to the jury and proven beyond a reasonable doubt. The prior guideline enhancements that increase the base level in the current Federal Sentencing scheme are unconstitutional as to drug quantity not specified in the indictment and proven beyond a reasonable doubt.

(7)

The Supreme court held, our commitment to Apprendi in this context reflects not just respect for long standing precent, but the need to give intelligent content to the right of jury trial. That right is not mere procedural formality, but a fundamental reservation of power in our constitution structure, just as suffrage ensures the people's ultimate control in legislative and executive branches, Jury trial is meant to ensure their control in the Judiciary. See letter XV by the Federal Framer (Jan. 18, 1788), Reprinted in 2 the complete Anti- Federalist 315, 326 (H. Storing Ed. 1981)(Describing the Jury securing to the people at large, their just, the rightful control in the Judicial department). John Adams, Diary entry (Feb. 12, 1771). Reprinted in 2 weeks of John Adams, 252 253 (C.Adams Ed. 1850)( The common people should have a complete control___ in every judgement of a court of Judicatur as in the legislature ). Letter from Thomas Jefferson, 282,283 (J.Boyd ED. 1988)(were I called upon to decide whether the people had best be omitted in the legislative or Judiciary Department) I would say it is better to leave them out of the legislative): Jones v. United States 526 U.S. 227,249 248 (1999).

Apprendi carries out this design by ensuring that the judges authorities to sentence derives wholly form the Jury's verdict without that restriction, the jury would not exercise the control that the framers intended.

In the instant case, the Petitioner was convicted following a jury trial of count one of the indictment in violation of 841(A)(1). Yet the indictment never specified quantity of drugs involved, or submitted to the jury and proven beyond a reasonable doubt. These facts were determine by the sentencing Judge and not a jury. These facts deprived the Petitioner of his Federal Constitutional rights to have a jury determine beyond a reasonable doubt, all facts legally essential to his sentence.

Petitioner base the above arguments on the recent supreme court's decision in Blakely, which the Supreme struck down on Apprendi grounds. Here the indictment failed to contend every essential element involved in the instant case such as specific drug quantity submitted to the jury and proven beyond a reasonable doubt. These errors resulted in an unlawful sentence that significantly

(8)

affected Petitioner's substantial rights and seriously called into question the fairness integrity and public reputation of the Judicial proceeding, in this case, for the above reasons Petitioner's motion should be granted to him.

### THE DALE DECISION

In United States v. Dale, 179 F.3d 429 (6th cir. 1999). The defendant was convicted after a jury trail on one count of conspiracy 21 U.S.C. 841(a)(1) and 846. He was sentenced to 295 months under the sentencing guidelines and the statutory maximum of 40 years imprisonment for Conspiracy to Distribute Crack Cocaine. (The appellate court noted that the majority of the evidence about his Distribution related to marijuana. Id at 431). On appeal, he argued that the single count was duplicitous an that it charged him with two separate offense and properly noted that the sentence for conspiracy involved only the Distribution of Marijuana would be significantly lower than the sentence for conspiracy to Distribute crack'. Id

The court of appeals affirmed the District Court's ruling that the indictment was not Duplicitous but reviewed the sentence for plain error. The court than found plain error in the sentence, stating 'in light of the thirty-five year difference in statutory maximum sentence. (Here, the District Court committed plain error when sentence Petitioner in the instant matter using the statutory maximum sentence for crack cocaine, rather than powder cocaine. Id. In making this ruling, the court of appeals aligned itself with most of the circuit court of appeals which have considered the issue. the court stated:

> "Seven of the eight circuit that have directly considered this issue have decided that the punishment imposed cannot exceed the shortest maximum penalty authorized in the statutes criminalizing the multiple objects if the punishment provided for substantive offense which were objects of the conspiracy. That is the case here, the maximum sentence for conspiracy to Distribute a controlled substance to be Distributed, 21 U.S.C. 846 Given the facts in this case, the maximum sentence for distributing 5 Kilo. of cacaine powder is 5 to 10 years, 21 U.S.C. 841(b)(1)(c), while to Distribute 5 kilo. of heroin would yield a 10 to life maximum sentence.

(9)

> Five Court of appeals have held that when the
> jury returns a general verdict to a charge
> covering multiple drugs the defendant must be
> sentenced as if he Distributed the drug charging
> the lower penalty(432)

Contruing <u>Apprendi</u>, <u>Blakely</u> and <u>Dale</u> together, this court must sentence Petitioner in this instant case to the provision pursuant to 21 U.S.C. 841 (b)(1)(c).

In the instant case, the Petitioner was charged in an indictment charging the Petitioner with possession with intent to Distribute more than 50 grams of cocaine base, and an unknown quantity of cocaine hydrochloride (powder cocaine) under <u>Apprendi</u>, <u>Blakely</u> and <u>Dale</u>. The base level must be based upon possession of cocaine powder not crack cocaine.

### THE OFFENSE TO WHICH PETITIONER WAS FOUND GUILTY CARRIES NO MANDATORY MINIMUM PENALTY AND THE SENTENCE COURT WAS THEREFORE WITHOUT JURISDICTION TO IMPOSE SUCH A PENALTY HERE.

Here in the instant matter, the sentencing court had no Jurisdiction to sentence Petitioner, to a mandatory minimum penalty 121 months in prison, because the statue under which he was found guilty. 841(b)(1)(c), carries no such mandatory minimum sentence. In <u>United State v. Cotton</u> 261 F.3d 397-404-05 (4th cir 2001), the fifth circuit held that a district court did not have jurisdiction authority to sentence a defendant under 841 (b)(1)(A), based on an indictment which did not specify specific drug quantity. By sentencing the Petitioner to a term of imprisonment greater than that provided for in section 841(b)(!)(c). The Petitioner here received an aggravated drug offense under section 841(b)(1)(A), with which he was neither charged nor convicted.

The Fourth circuit was clear that the district court exceeded it's Jurisdiction sentencing a defendant for a crime with which he was never charged. Thus, depriving him of the grand <u>jury.Id</u> at 405.

Like the defendant in <u>cotton</u>, Petitioner in the instant case received a sentence under 841(b)(1)(A) even though this court only had Jurisdiction to sentence him under 841(b)(1)(c), because the indictment did not identify drug quantities attributable

(10)

to the Petitioner, this sentencing court accordingly committed a serious constitutional error imposing such a sentence here. See <u>United States v. Ramirez</u>, 242 F.3d 348, 351-52 (6th cir. 2001).

> Aggravating factors, other than a prior conviction that increase the penalty from a non-mandatory minimum sentence to a mandatory minimum sentence or form a lesser to a greater sentence are now elements of the crime to be charged in the indictment and proven beyond a reasonable doubt. From a practical perspective, this means that when a defendant is found guilty of violating 21 U.S.C. 841(b)(1)(c) unless the jury found beyond a reasonable doubt that the defendant possessed the minimum amount required by 841(b)(1)(A) and 841(b)(1)(b).

Wherefore, for the above reasons the Petitioner's motion should be granted.

Respectfully Submitted,

*Kenneth Bryant*
KENNETH BRYANT PRO-SE
REG. 10570-002
Federal Correctional Complex
P.O. Box 9000
Forrest City, Ar. 72336

(11)

**CERTIFICATE OF SERVICE**

I hereby certify I have caused a true copy of the foregoing to be served upon the United States Assistant Attorney Louis Frankin, 1 Court square, suite 201, Montgomery, Alabama 36104. By mailing prepaid mail on this 20 day of Dec. 2004.

*Kenneth Bryant*
KENNETH BRYANT