IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) CASE NO. 2:99CR140-D |
| | ) 2:05cv413-D |
| KENNETH BRYANT | ) |
| | ) |

**RESPONSE TO ORDER TO SHOW CAUSE**

Comes now the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and in response to this Court's Order of December 30, 2004, directing the United States to show cause as to why Defendant Kenneth Bryant's Motion Pursuant to 18 U.S.C. 3582(c), or in the Alternative, Motion Pursuant to Rule 60(b) should not be granted, states as follows:

**I. PROCEDURAL HISTORY AND RELEVANT FACTS**

Bryant was convicted in this Court of one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). On March 14, 2000, he was sentenced to a term of imprisonment of 121 months. He appealed his conviction to the Eleventh Circuit Court of Appeals, which affirmed his conviction in an unpublished opinion on March 12, 2001.

On September 21, 2001, Bryant filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The motion asserted that Bryant's trial counsel was ineffective due to (1) his failure to move to suppress information and evidence obtained by the use of an unreliable confidential informant; (2) his failure to timely move to suppress evidence seized as a result of an illegal stop and seizure; (3) his failure to object to the government's failure to establish a sufficient chain of custody for critical evidence; and, that his trial and appellate counsel were ineffective due to (4) their failure to require the jury to determine the drug quantity beyond a reasonable doubt as required under Apprendi v. New Jersey, 530 U.S. 466 (2000).

SCANNED
5/4/05

56

The facts underlying each of Bryant's claims of ineffective assistance of counsel were addressed in a Recommendation Of The Magistrate Judge. (Doc. # 20, included as Attachment A.) The Recommendation found that Bryant's allegations of error based on the Fourth Amendment and evidentiary chain of custody were factually inaccurate due to his own admission that he was speeding when stopped, and counsel's specific challenge to the chain of custody during trial. (Attachment A at 3-4, 5.) The Magistrate also cited United States v. Sanchez, 269 F.3d 1250, 1279 (11th Cir. 2001) (en banc) to support its finding that Apprendi was inapplicable to Bryant's sentence because his term of imprisonment was less than the applicable statutory maximum. (Id. at 7.) See also United States v. Reese, 382 F.3d 1308, 1312 (11th Cir. 2004). This Court adopted the Magistrate's recommendation that Bryant's motion be denied on August 20, 2002. (Doc. # 22, included as Attachment B.) Bryant applied to the Eleventh Circuit Court of Appeals for a certificate of appealability. That Court denied his motion due to his failure to make a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2255(c)(2). (Doc. #29, included as Attachment C.)

On December 28, 2004, Bryant filed a Motion Pursuant to 18 U.S.C. 3582(c), or in the Alternative, Motion Pursuant to Rule 60(b). Bryant stated the issues for review as follows:

1. Whether the non-consensual search of a closed back pack and the [sic] was tainted by the illegality was ineffective to justify [the] search of the closed back pack?

2. Whether all elements of the offense [were] submitted to the grand jury and proven beyond a reasonable doubt?

3. Whether Petitioner's Due Process Rights was violated when he unknowingly, unintelligently, and involuntarily [sic] guilty to a crime for which he was actually innocent of committing?

In addition to the listed issues, Bryant's motion renews his challenges to the legality of the traffic stop which led to his arrest, and the legality of his sentencing under Apprendi (including Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531 (2004)). Finally, he claims that he was sentenced under a statute with which he was not charged, and that this Court therefore lacked jurisdiction to impose sentence in his case. On December 30, 2004, this Court ordered the United States to

2

show cause as to why Bryant's motion should not be granted. The United States now files this response as directed.

    **II.**    **Bryant's Claims Should Be Evaluated According To The Relief Requested And Legal Claims Asserted, And Therefore Dismissed As A Successive Petition Under § 2255 Which Was Not Expressly Authorized By The Court of Appeals for the Eleventh Circuit.**

Bryant's motion invokes 18 U.S.C. § 3582(c), which permits the modification of an imposed term of imprisonment where the Director of the Bureau of Prisons requests a reduction, or where a defendant's applicable sentencing range has been lowered through amendment to the U.S. Sentencing Guidelines. Bryant does not assert facts that would qualify for a sentence modification under either provision. He alternatively requests that his motion be treated as one under Fed. R. Civ. P. 60(b), which operates where mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or any other reason justifying relief from a civil judgment applies. In Gonzalez v. United States, 366 F.3d 1253, 1262-63 (11th Cir. 2004), the Eleventh Circuit labeled a motion like Bryant's as a second or successive § 2255 motion that was "cross-dressed" as a Rule 60(b) motion. This was because his motion does not seek reformation of a civil judgment, i.e., the judgment of the district court dismissing his § 2255 motion, but is a direct attack on the underlying criminal conviction and sentence.

The United States asserts that Bryant's motion must be interpreted as a request for his immediate release from federal custody pursuant to 28 U.S.C. § 2255. Section 2255 is the remedy for federal prisoners who claim the right to be released from custody. United States v. Cani, 331 F.3d 1210, 1213 (11th Cir. 2003). Bryant's legal claims are grounded in the Constitution of the United States, an alleged lack of jurisdiction, and various alleged violations of federal statutes and caselaw relevant to sentencing, and procedural rules. The Eleventh Circuit has explained that section 2255 permits "federal prisoners under sentence to move to vacate their sentences only if: (1) 'the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'the court was without jurisdiction to impose such sentence;' (3) 'the sentence

3

was in excess of the maximum authorized by law;' or (4) the sentence is 'otherwise subject to collateral attack.'" Medberry v. Crosby, 351 F.3d 1049, 1058-59 (11th Cir. 2003), quoting 28 U.S.C. § 2255. Therefore, Eleventh Circuit caselaw dictates that Bryant's legal claims should also be governed by § 2255. Additionally, the Eleventh Circuit has consistently supported a district court's treatment of post-trial motions according to the action requested therein. See Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (holding that the district court did not err in construing a motion filed pursuant to Fed. R. Civ. P 60(b) as a successive § 2255 motion.)

In upholding this Court's handling of a successive petition labeled as a lawsuit under 42 U.S.C. § 1983, the Eleventh Circuit emphasized that "[w]e look at the kind of relief Appellant seeks and conclude that, however the Appellant describes it, the motion was for habeas corpus relief." United States v. Nelson, 347 F.3d 910, 913 n.4 (11th Cir. 2003), cert. granted, 124 S.Ct. 835 (2003). Even the dissent in Nelson recognized that the test for a subsequent habeas petition is whether the outcome of a prisoner's petition has some effect on his sentence or conviction. 347 F.3d at 915. Clearly, Bryant's only goal in his repeated attacks on his conviction, this Court's jurisdiction, and the prosecution's compliance with the Constitution and laws of the United States, is a release from prison. Therefore, his motions are undoubtedly successive petitions under 28 U.S.C. § 2255.

The United States therefore asserts this Court's lack of jurisdiction to review Bryant's Motions Pursuant to 18 U.S.C. 3582(c) or Fed. R. Civ. P. 60(b) unless and until he complies with the jurisdictional requirements of 28 U.S.C. § 2255. Bryant's motions should be treated as successive petitions under 28 U.S.C. § 2255, and denied by this Court due to his failure to obtain permission to file a petition from the United States Court of Appeals for the Eleventh Circuit, as required by 28 U.S.C. §§ 2244(b)(3)(A), 2255. See In re: Will C. Dean, Jr., 341 F.3d 1247, 1248 (11th Cir. 2003).

### III. CONCLUSION

4

For the reasons stated above, Defendant Kenneth Bryant has failed to demonstrate that his motions are properly before this Court, and should therefore deny his requested relief of sentence modification or release from federal custody, in accordance with 28 U.S.C. § 2255.

Respectfully submitted this the 14th day of January, 2005.

LEURA GARRETT CANARY
UNITED STATES ATTORNEY


_____
LOUIS V. FRANKLIN, SR.
Assistant United States Attorney

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| vs. | )   CASE NO. 2:99CR140-D |
| | ) |
| KENNETH BRYANT | ) |
| | ) |
| | ) |

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 14, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and mailed copy of the same to the following non-CM/ECF participant: Kenneth Bryant, #10570-002, Federal Correctional Complex, 1400 Dale Bumpers Road, P.O. Box 9000, Forrest City, Arkansas 72335.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Louis V. Franklin, Sr.
LOUIS V. FRANKLIN, SR.
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
louis.franklin@usdoj.gov