IN THE UNITED STATES DISTRICT COURT **FILED**
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION      AUG 2 2002

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

UNITED STATES OF AMERICA,        )
                                 )
v.                               )    CIVIL ACTION NO. 01-D-1124-N
                                 )    (CR. NO. 99-140-N)
KENNETH BRYANT                   )    2 : 05 cv 413 . D

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Bryant was convicted in this court of one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). On March 14, 2000, he was sentenced to a term of imprisonment of 121 months, five years supervised release, fined $3000.00 and assessed $100.00. Bryant appealed his conviction on March 21, 2000. The Eleventh Circuit Court of Appeals affirmed his conviction on March 12, 2001.[1]

On September 21, 2001, Bryant filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. In this motion, Bryant contends that his trial counsel was ineffective because he (1) failed to move to suppress information and evidence obtained by the use of an unreliable confidential informant; (2) failed to timely move to suppress evidence seized as a result of an illegal stop and seizure; and (3) failed to object to the government's failure to establish a sufficient chain of custody for critical evidence. Bryant also contends that his trial and appellate counsel were ineffective because they did not challenge the court's failure to require the jury to determine the drug quantity beyond

---

[1] In an unpublished opinion, the Eleventh Circuit affirmed Bryant's conviction and sentence.

*Attachment 4*                                          20

a reasonable doubt as required by *Apprendi v. New Jersey*, 530 U.S. 466 (2000).[2]

After due consideration and upon review of the motion, the pleadings and the record, the court concludes that an evidentiary hearing is not required and, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, Bryant's motion should be denied.

## DISCUSSION

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. The defendant must satisfy the requirements of a two-pronged test to prevail on his claim of ineffective assistance of counsel. The defendant first must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* at 688. Once this threshold test is met, the defendant must then show that the deficient performance of his counsel prejudiced his defense. *Id.* at 687. To establish prejudice, the defendant must first show that there is "a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Id.* at 694.

---

[2]Bryant also asserts that 21 U.S.C. § 841 is unconstitutional. This claim is without merit. *See United States v. Ford*, 270 F.3d 1346, 1347 (11th Cir. 2001) ("Ford also argues that 21 U.S.C. § 841(b)(1)(A) is facially unconstitutional but acknowledges that we have ruled to the contrary in *United States v. Candelario*, 240 F.3d 1300 (11th Cir. 2001). These arguments have been rejected most recently in *United States v. Sanchez*, 269 F.3d 1250 (11th Cir. 2001) (en banc).")

### Failure to File Motions to Suppress[3]

Bryant contends that his counsel was ineffective because he failed to move to suppress critical evidence found in the car after he was stopped for a traffic violation. Bryant contends that the stop and subsequent search of his vehicle violated the Fourth Amendment because the stop was based on information from a confidential information, and Deputy Davis ("Davis") was without reasonable suspicion or probable cause to stop him. According to Bryant, a motion to suppress would have been granted. When a claim of ineffective assistance of counsel is predicated on defense counsel's failure to litigate a fourth amendment claim, the defendant must establish that the fourth amendment claim is meritorious and that a reasonable probability exists that the verdict would have been different absent the evidence subject to suppression. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). Bryant's fourth amendment claim is factually inaccurate and, thus, he cannot meet his burden in this instance.

Bryant alleges that because Davis' "suspicion was triggered solely by the fact of unsubtantiated (sic) and uncorroborated information from an unnamed confidential informant," Davis did not have probable cause to stop him.[4] Bryant completely ignores the fact that Davis stopped him because he was speeding. At trial, Davis testified that

---

[3]Although Bryant presents this claim as two distinct issues, analytically they are the same.

[4]*Pet's Mot.*, p. 4.

Bryant passed him at a high rate of speed and he stopped Bryant because he was speeding.[5]
Bryant does not dispute that he was speeding; in fact, Bryant's own exhibit demonstrates
that he acknowledged he was speeding and he apologized to Davis for speeding.[6] "As a
general matter, the decision to stop an automobile is reasonable where the police have
probable cause to believe that a traffic violation has occurred." *Whren v. United States*,
517 U.S. 806, 810 (1996); *see also*, *United States v. Pruitt*, 174 F.3d 1215, 1217, n.1
(11th Cir. 1999) ("We agree that, because [the defendant] was speeding, and a traffic
violation had thus occurred, probable cause existed for the stop.[7] Accordingly, the stop
was reasonable for purposes of the Fourth Amendment and withstands review."). A police
officer "may stop a vehicle when there is probable cause to believe that the driver is
violating any one of the multitude of applicable traffic . . . regulations relating to the
operation of motor vehicles." *United States v. Cooper*, 133 F.3d 1394, 1398 (11th Cir.
1998) (quoting *United States v. Strickland*, 902 F.2d 937, 940 (11th Cir. 1990)). It is
undisputed that Davis stopped Bryant only after determining that Bryant was speeding.[8]

---

[5]TR. 57, 59-60.

[6]*See Pet's* Ex. 1 attached to Motion to Vacate.

[7]Because the court concludes that the officer had probable cause to stop the vehicle, the court
pretermits discussion of whether reasonable suspicion would have sufficed to support the traffic stop. *See
United States v. Purcell*, 236 F.3d 1274, 1277 (11th Cir. 2001) ("Because a routine traffic stop is only a
limited form or seizure, it is more analogous to an investigative detention than a custodial arrest. . . .
Therefore, we analyze the legality of these stops under the standard articulated in *Terry v. Ohio*, 392 U.S.
1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).") (citations in original omitted).

[8]To the extent that Bryant argues that because he was somehow targeted, the traffic stop was
pretextual, he is entitled to no relief on this basis. The officers' subjective intent regarding the traffic stop

4

The court concludes that Davis had probable cause to stop Bryant based on the fact that Bryant was committing a traffic violation. Thereafter, Bryant consented to the search of the vehicle.[9] Thus, Bryant cannot show that he is likely to succeed on these claims nor can he show that counsel erred by failing to file a motion to suppress. Accordingly, his claims related to counsel's alleged failure to file motions to suppress because probable cause was lacking fail under the first prong of *Strickland*, 466 U.S. at 668, and they are due to be denied.

### Failure to Object to Chain of Custody

Bryant also contends that his trial counsel was ineffective for failing to challenge the chain of custody of critical evidence at trial. This claim is also factually inaccurate and without merit. A review of the record clearly demonstrates that John McClung ("McClung"), Bryant's trial counsel, specifically challenged the government's failure to conclusively establish a chain of custody for critical evidence.

> MR. MCCLUNG: Yes, Your Honor, the Defendant would object that the government has not shown a clear chain of custody. I believe everybody except Chief Deputy Davis testified he was the one that gave the evidence

---

is not dispositive. "[A]n officer's motive in making a traffic stop does not invalidate what is otherwise "objectively justifiable behavior" under the Fourth Amendment." *United States v. Holloman*, 113 F.3d 192, 194 (11th Cir. 1997). The intent of the officer, actual or theoretical, is irrelevant in determining the validity of the traffic stop. Moreover, as the Supreme Court has instructed: "the constitutional basis for objecting to intentionally discriminatory application of laws is the Equal Protection Clause, not the Fourth Amendment. Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *Whren*, 517 U.S. at 813.

[9]*See Aff.* Kenneth Bryant ("I relented to the search because I was afraid and, because I had no knowledge of criminal activity.")

5

> to Agent Moore but Chief Deputy Davis said that it was Deputy Mickey
> Powell that gave that evidence.
> . . .
> THE COURT: All right.  The objection is overruled.  There's a case that
> indicates that the chain of custody does not have to be conclusively
> arithmetically proved . . . the objection is overruled, with the notation that
> it goes to the weight, not the admissibility.[10]

Moreover, McClung conducted extensive cross-examination of all the government's witnesses regarding the chain of custody of the evidence found in the vehicle.[11]  Finally, during closing argument, McClung vigorously argued that the government failure to establish a chain of custody for the evidence rendered the evidence suspect.[12]  McClung appropriately attempted to use the government's weak chain of custody evidence to Bryant's advantage in his closing statement.  The fact that the jury did not accept the argument does not demonstrate counsel was ineffective.  Counsel's cross-examination and argument were well within the range of competence expected of counsel.  Bryant has failed to show attorney error.  Accordingly, the court concludes that Bryant has failed to demonstrate that his attorney's performance "fell below an objective standard of reasonableness," *Strickland,* 466 U.S. at 688, and, thus, this claim lacks merit.

### Failure to Raise *Apprendi* Issue

Finally, Bryant claims that both his trial and appellate counsel were ineffective for

---

[10]*See* TR. 140.

[11]TR. 74-78, 84-88, 102-111, 112-113, 121-126, 168-199.

[12]TR. 232-236.

6

failing to raise an *Apprendi* claim or otherwise challenge the failure of the jury to determine the amount of drugs attributable to him.  First, Bryant was sentenced to a term of imprisonment of 121 months which is less than the 21 U.S.C. § 841(b)(1)(C) maximum term of 240 months.  Therefore, *Apprendi* is not applicable.  *United States v. Hester,* 287 F.3d 1355, 1357 (11th Cir. 2002); *United States v. Sanchez,* 269 F.3d 1250, 1279 (11th Cir. 2001) (*en banc*)  Second, there is no error in the trial court's sentencing the defendant based on a quantity of drugs not determined by the jury so long as the term of imprisonment is below the statutory maximum.  "*Apprendi* actually reaffirmed the longstanding practice of allowing judge-decided facts to affect the length of a defendant's sentence, including leaving the imposition of a mandatory minimum sentence within the purview of the trial judge." *Sanchez*, 269 F.3d at 1262.  Because Bryant was sentenced to a term of imprisonment of  less than 20 years, his *Apprendi*-based claim lacks merit, and, for the same reason, there was no error in the trial judge determining at sentencing the amount of drugs.  Thus, counsel was not ineffective for failing to challenge the sentence imposed on Bryant.[13]

---

[13]To the extent that Bryant claims that his appellate counsel was ineffective because he failed to challenge Bryant's sentence on appeal, this claim is also without merit.  In order to prevail on such a claim, Bryant must show that his appellate counsel's performance was deficient and that this performance prejudiced the defense. *Heath v. Jones,* 941 F. 2d 1126, 1130 (11th Cir. 1991).  It is well settled that the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue. *Jones v. Barnes,* 463 U.S. 745 (1983).  Rather, effective appellate advocates "winnow out" weaker arguments even though the weaker arguments may be meritorious. *Id.* at 751-52.  Where an appellate advocate reviews the entire record, thinks about various claims, and then chooses to pursue only certain claims on appeal, counsel cannot be deemed ineffective even though certain issues which were not appealed might have been successful. *Smith v. Murray,* 477 U.S. 527 (1986).  *See also, Rogers v. Zant,* 13 F.3d 384 (11th Cir. 1994) (stacking defenses may undercut defense credibility which is essential to the likelihood of success).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motion for relief pursuant to 28 U.S.C. § 2255 be denied.

Done this 2~ day of August 2002.

CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

---

As this court has determined that Bryant's claim regarding his sentence is without merit, it was clearly not unreasonable for appellate counsel to choose to "winnow out" this claim.

8

CIVIL ACTION NO. 01-D-1124-N

### ORDER

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve by mail a copy thereof on the parties to this action. The parties are DIRECTED to file any objections to the said Recommendation within a period of 13 days from the date of mailing to them. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982). See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982). See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 2~ day of August, 2002.

CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE