IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CV. NO. 2:05cv413-D |
| | ) | WO |
| KENNETH BRYANT | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a pleading styled as a "*Motion Pursuant to 3582(c) or in the Alternative Motion Pursuant to Rule 60(B)*" (Doc. 2), filed by federal inmate Kenneth Bryant ("Bryant") on December 20, 2004.[1]  By his motion, Bryant challenges the conviction and sentence imposed upon him by this court in 2000 for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1).  Bryant is entitled to no relief.

**I. DISCUSSION**

**A.    Relief under 18 U.S.C. § 3582(c)**

Bryant purports to file the instant motion under 18 U.S.C. § 3582(c).  Section 3582(c)(1)(A) authorizes the court to modify a term of imprisonment under certain

---

[1] Although the motion is date stamped "received" on December 28, 2004, the motion was signed by Bryant on December 20, 2004.  A *pro se* inmate's petition is deemed filed on the date it is delivered to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [Bryant's motion] was delivered to prison authorities the day [he] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing and without any contradictory evidence, the court assumes that December 20, 2004, should be considered the date of filing for Bryant's motion.

circumstances "*upon motion of the Director of the Bureau of Prisons.*"  See § 3582(c)(1)(A)(i) and (ii) (emphasis added).  However, because the Director of the Bureau of Prisons has filed no motion for reduction of sentence in this case, Bryant cannot utilize the provisions § 3582(c)(1)(A) as a vehicle to challenge his sentence.

Section 3582(c)(1)**(B)** authorizes the court to modify a term of imprisonment "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  Bryant does not suggest any statutory provision that expressly permits modification of his sentence.  Rule 35, *Fed.R.Crim.P.*, allows the court to correct a sentence that "resulted from arithmetical, technical, or other clear error" within seven days after such sentencing error, *see* Rule 35(a), or to reduce a sentence "[u]pon the government's motion," based upon a defendant's providing "substantial assistance in investigating or prosecuting another person[,]" *see* Rule 35(b).  Bryant does not set forth any allegations indicating how the provisions of Rule 35 might apply in his case.  Thus, § 3582(c)(1)(B) does not afford him a vehicle to challenge his sentence.

Section 3582(c)**(2)** specifically applies only to a "case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)....*"  (Emphasis added.) Because the Sentencing Commission has not lowered the sentencing range involved in Bryant's case, the language of this subsection does not apply here.

**B.    Relief under Rule 60(b), Federal Rules of Civil Procedure**

Alternatively, Bryant seeks to utilize Rule 60(b) of the Federal Rules of Civil Procedure to challenge his conviction and sentence. However, that rule cannot be utilized to attack criminal convictions or sentences. *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (motion filed pursuant to Rule 60(b), *Federal Rules of Civil Procedure*, "simply does not provide relief in a criminal case"). Consequently, Bryant cannot utilize Rule 60(b) to challenge his conviction and sentence.

**C.    Applicability of 28 U.S.C. § 2255**

A review of Bryant's motion reflects that his asserted claims attack the fundamental legality of his conviction and sentence. The law is settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman,* 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry,* 601 F.2d 805 (5th Cir. 1979). The remedy afforded by § 2255 is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year period of limitation or by the gatekeeping provision on successive petitions contained in 28 U.S.C. §§ 2255 and 2244(b)(3)(A). *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision...." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)

(internal citations omitted).

A federal prisoner cannot escape the procedural restrictions placed on § 2255 motions by the AEDPA simply by characterizing her motion as one filed under separate rules or statutes. *Wofford*, *supra*, 177 F.3d at 1245. "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). Bryant seeks relief from this court which is appropriate only under 28 U.S.C. § 2255. Thus, this court construes the present action to contain a *motion to vacate, set aside, or correct sentence* under 28 U.S.C. § 2255.

**D.   Bryant's Motion is Successive**

This is the second § 2255 motion filed by Bryant attacking his conviction and sentence. Bryant's first § 2255 motion was filed on September 21, 2001, and was denied by a Recommendation entered on August 2, 2002. *See United States v. Bryant*, CV. NO. 2:01cv1124 - Docs. 1 & 20 (adopted as judgment of the court by final order of August 20, 2002 - Doc. 22). The AEDPA provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence

as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Bryant has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, this court lacks the jurisdiction to consider Bryant's present motion, and the motion is due to be summarily dismissed.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion filed by Bryant on December 20, 2004, be denied and this case dismissed, as Bryant has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before May 29, 2005. A party must specifically identify the findings in the

Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

    Done this 16th day of May, 2005.

                                            /s/Charles S. Coody
                                   CHARLES S. COODY
                                   CHIEF UNITED STATES MAGISTRATE JUDGE