IN THE UNITED STATES COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

KENNETH BRYANT )
)
V. )   CV: No. 2:05CV413-D
)
UNITED STATES OF AMERICA )
)

RECEIVED
2005 JUN -9  A 9: 41

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## PETITIONER'S RESPONSE TO RECOMMENDATION OF THE MAGISTRATE JUDGE

Comes Now pro-se petitioner Kenneth Bryant, Respectfully moving before the Honorable Court with petitioner's response to recommendation of the Magistrate Judge: Whereas the petitioner states the following:

**1. Relief Under 18 U.S.C. 3582 (c).**

A motion pursuant to 18 U.S.C. 3582 (2) is to correct or modify a sentence in violations with United States guidelines. Here the petitioner did not file a motion under 3582(c)(1)(A) and (ii) which would require the Director of the Bureau of Prisons to file for a reduction of his sentence. The Magistrate Judge has wrongfully recharacterized petitioner's motion.

Here in the instant matter petitioner pleaded guilty to drug conspiracy and distribution and was sentenced based on elements that were not in the indictment submitted to a jury and proven beyond a reasonable doubt. After the recent decision in <u>United States v. Booker</u>, ___US___, WL 50108(Jan.12,2005) and <u>Blakely v. Washington,</u> ___US___,124 S.Ct. 2531(2004). The additional added months which enhanced the sentence imposed are attributable to the now challenged enhancements.

This Court should allow petitioner here to address the merits of his substantive issues based on the two recent Supreme Court decisions in **Booker** and **Blakely**.

On April 28, 1996, President Clinton signed into law the AEDPA public law 104132, which imposed new restrictions on Habeas Corpus petitions. Section 101 amendment 28 U.S.C. 2255 to impose a one year statute of limitation on motions under the section 28 U.S.C. 2255. That one year period begins to run at the latest of four events. **Id.**

The first event that can statrt the one-year period is the date that the conviction becomes final, such as a Judgment of Commitment Order that is not challenged on appeal or the date the Circuit Court affirms the Judgment where no petition to the U.S. Supreme Court is filed. See **Id. at 6(1)**. Petitioner's conviction became final in 2003, that would mean petitioner was out of time.

But the fourth event that can start the one-year period is the date on which the facts supporting the claims presented could have been discovered through the exercise of Due Diligence. **Id. at 6(4)**. If the petitioner exercises Due Diligence, then the one-year limitation period would began to run on the date the petitioner actually discovered the relevant facts, because the dates of actual and possible discovery would be identical. See **Aren v. United States**, 291 F.3d 708, 711(11th Cir. 2002). Section 2255 does not require the maximum feasible diligence See **Wims v. United States**, 223 F.3d 186, 190 , x.4 (2nd Cir. 2000).

Due Diligence does not require a prisoner to undertake repeated exercise in futility or to exhaust every imaginable opinion, but rather

2.

to make reasonable effort. <u>Aron</u>, 291, F.3d at 712. The Due Diligence inquiry is an individualized one that must take into account the conditions of confinement and the reality of the prison system. <u>Id</u>. quoting <u>Montenegro v. United States</u>, 248, F.3d 585, 592 (7th Cir.2001). Partially overruled on other grounds by <u>Ashley v. United States</u>, 266 F.3d 671 (7th Cir. 2001). And citing <u>Wims</u>, 225, F.3d 186, 190-91; <u>Easterwood v. Champion</u>, 213 f.3d 1321, 1323 (10th Cir.2000).

The Supreme Court's Recent decisions in <u>Blakely</u> and <u>Booker</u> petitioner submits that he is timely under the Fourth listed event. Petitioner presents efforts qualifies as Due Diligence in light of his confinement, lack of understanding of the legal grounds he had to proceed. <u>Blakely</u> 6/24/04 and <u>Booker</u> 1/12/05, the dates he heard and learned of the problem, is the date that 2255's one-year period of limitation begin to run. Because these dates were within the past year, this petition is timely, and petitioner asks this court to accept it as timely and correct under 18 U.S.C. 3582 (c).

**Relief Under Rule 60(B).**

Although Rule 60(B) is no longer utilized to attack criminal convictions or sentences, it still provides relief in a criminal case. "Rule 60(B) is still held to be a thriving extraordinary writ" which is available only to correct errors resulting in a <u>complete</u> miscarriage of justice, or under circumstances compelling such action to achieve justice. <u>United States v. Bostillo</u>, 31 F.3d 931, 934 (10th Cir. 1994) citing <u>United States v. Williamson</u>, 806 F.2d 216, 222(10th cir. 1986).

The Third circuit has stated "use of Rule 60(B) is appropriate

3.

to correct errors for which there is no remedy available at the time of trial and where "sound reasons exists for failing to seek relief earlier. <u>United STates v. Stoneman</u>, 870, F.2d 106(3rd Cir.) <u>Cert. Denied</u> 495 U.S. 891 110S.Ct. 236, 107 Led.2d 187 (1989). Citing <u>United States v. Morhan</u>, 346 U.S. 502, 74 S.Ct. 247, 252, 98 Led.2d(1954).

Miscarriage of Justice and Foundational defeat in the proceedings are the very essence of both 28 U.S.C. 2255 and 28 U.S.C. 1651, as well as rule 60(B) based upon newly discovered evidence which could not have been found with Due Diligence. This argument is predicated on the very fact that error presented against the United States Sentencing Guidelines and the Sentencing Commission can be applied retroactively and can/should be brought in a Rule 60(B) Motion. <u>United States v. Dimale</u>, 1994 WL253756.

Whereas For the above following reasons petitioners prays this court reject Magistrate's recommendation and grant the petitioner's motions on the merits.

Dated June 6, 2005.

Respectfully Submitted

*Kenneth Bryant*
Kenneth Bryant
#10570-002
Federal Correctional Complex
P.O. Box 9000
Forrest City, AR 72336

4.

## CERTIFICATE OF SERVICE

I hereby certify I have caused a True copy of the Foregoing to be served upon United States Assistant Attorney Louis Franklin, 1 Court Square, 207, Montgomery, Alabama 36104, by mailing prepaid mail on this __6__ day of June, 2005. **Houston v. Lock**, 487 U.S. 266, 276 (1988).

*Kenneth Bryant*
Kenneth Bryant

5.